SUMMARY ORDER
Guo Fu Lin, through counsel, petitions for review of the BIA decision affirming the decision of an immigration judge (“IJ”) denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture (“CAT”). We assume the parties’ familiarity with the underlying facts and procedural history of the case.
When, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, this Court reviews the IJ’s decision as the final agency determination. See, e.g., Twum v. INS, 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency’s factual findings, including adverse credibility determinations, under the substantial evidence standard. See 8 U.S.C. *151 § 1252(b)(4)(B); Secaida-Rosales v. INS, 331 F.3d 297, 306-07 (2d Cir.2003).
The IJ found Lin not to be credible because he failed to mention in his three asylum applications and his first supplemental statement that his wife was allegedly forced to undergo an abortion. The IJ’s finding is supported by substantial evidence in the record and is a reasonable basis for finding Lin not credible, because the alleged abortion involves the heart of the asylum claim. See Secaida-Rosales, 331 F.3d at 308. In light of the BIA’s 1997 decision in In Re C-Y-Z, 21 I. & N. Dec. 915, 1997 WL 353222 (BIA 1997), Lin’s failure to mention the alleged abortion in his third asylum application and his first personal statement—both of which were submitted into evidence more than two years after C-Y-Z was decided—cannot be excused by claiming ignorance or inapplicability of the law.
The IJ also reasonably found Lin not to be credible based on Lin’s failure to explain why the alleged abortion certificate states that, at the time of the abortion, his wife was living in Huli Village, but he testified that she was then living in Injiang Town, Injiang Village. The IJ further found Lin incredible because he failed to mention in his second supplemental statement, and his wife failed to mention in her letter, that his wife was dragged away from their home when she was allegedly forced to undergo the insertion of the IUD.
Moreover, based on Lin’s claim in his asylum applications and testimony that the authorities had ordered that either he or his wife be sterilized, the IJ found it implausible that his wife, who then had an IUD inserted and subsequently reported for periodic examinations, has yet to be sterilized. The IJ also found Lin incredible based on the discrepancy between the claim in his second supplemental statement that his wife reported to the medical center for the insertion of an IUD, and his testimony that his wife reported for sterilization.
These findings alone support the IJ’s decision. See Xiao Ji Chen v. U.S. Dep’t of Justice, 434 F.3d 144, 159-63 (2d Cir.2006); cf. Cao He Lin v. U.S. Dep’t of Justice, 428 F.3d 391, 406 (2d Cir.2005). Because Lin has been found to be incredible, he cannot demonstrate a well-founded fear of persecution. See Ramsameachire v. Ashcroft, 357 F.3d 169, 178 (2d Cir.2004). Because Lin did not raise his withholding of removal and CAT claims before the BIA, and because he does not raise them here, these claims are both unexhausted and waived. See 8 U.S.C. § 1252(d)(1); Yueqing Zhang v. Gonzales, 426 F.3d 540, 545 n. 7 (2d Cir.2005).
For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).